IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Tammy L. Wright                                                                          Plaintiff

v.                          No. 3:13–CV–084-DPM–HDY

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                      Defendant

## Instructions for Recommended Disposition

The following recommended disposition will be sent to U.S. District Judge D. Price Marshall. A party to this dispute may file and serve written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] Failing to object within 14 days may waive the right to appeal questions of fact.[2] An objecting party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must address the following matters as part of written objections: (1) why the record before the magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony and/or documents

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

to be proffered at a hearing. Based on this submission, the district judge will determine the need for a hearing.

## Recommended Disposition

Tammy L. Wright seeks judicial review of the denial of her second application for disability insurance benefits. Wright last worked as a parts handler at a manufacturing company.[3] She maintains she stopped working in January 2009 due to back pain.[4] Because her last application was denied on December 28, 2009,[5] this case considers whether Wright was disabled beginning December 29, 2009.[6]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Wright has severe impairments — degenerative disc disease with radiculitis and obesity[7] — but she can do some light work,[8] to include her

---

[3]SSA record at pp. 125 & 153.

[4]*Id*. at pp. 27 & 148.

[5]*Id*. at p. 123 & 212.

[6]*Hulsey v. Astrue*, 622 F.3d 917, 924 (8th Cir. 2010) ("The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand.").

[7]SSA record at p. 14.

[8]*Id*. at p. 15 (reducing light work by occasional stair climbing, balancing, stooping, kneeling, crouching, and crawling; no climbing ladders, ropes, or scaffolds; no work at unprotected heights).

past work as a cashier.[9]  Because a person who can do her past work is not disabled,[10] the ALJ determined Wright is not disabled and denied the application.[11]

After the Commissioner's Appeals Council denied a request for review,[12] the ALJ's decision became a final decision for judicial review.[13]  Wright filed this case to challenge the ALJ's decision.[14]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15]  This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

---

[9]*Id.* at p. 16.

[10]20 C.F.R. § 404.1520(a)(4) (claimant who can do her past relevant work is not entitled to disability insurance benefits).

[11]SSA record at p. 18.

[12]*Id.* at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 2.

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

**Wright's allegations**.  Wright challenges the ALJ's evaluation of her credibility. She characterizes the evaluation as a backwards credibility analysis.  She complains that the ALJ noted only some of the medical evidence and ignored favorable evidence.  She contends the ALJ should have discussed the medical evidence before her back surgery. Because of these errors, she argues, substantial evidence does not support the ALJ's determination about her ability to work.

An ALJ must evaluate the claimant's credibility because subjective complaints — here, disabling back pain — play a role in determining the claimant's ability to work.[16] The ALJ followed the required two-step process and considered the required factors to evaluate Wright's credibility,[17] so the dispositive question is whether substantial evidence supports the credibility evaluation.

For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Wright over-stated her pain.[18]  In determining whether substantial evidence exists, the court must consider all of the evidence — including evidence detracting from the ALJ's decision[19] — but the court may not reverse because

---

[16]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[17]SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[18]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[19]*Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).

substantial evidence supports an opposite conclusion.[20] Considering all of the evidence in this case, there is sufficient evidence to support the ALJ's evaluation of Wright's credibility and the determination about her ability to work.

Wright underwent back surgery in August 2010, to repair a herniated disc in her lower spine.[21] The surgery did not resolve all of Wright's pain, but her pain improved.[22] Post-operative diagnostic imaging shows the presence of degenerative disc disease in the spine and an annular tear at the level above the surgery site, but no recurrent disc herniation.[23] These findings support Wright's complaints of pain, but provide no basis for disabling pain because there is no disc herniation, significant stenosis, or neural compression.[24]

"As is true in many disability cases, there is no doubt that [Wright] is

---

[20]*Sultan*, 368 F.3d at 863.

[21]SSA record at 206 (operative report for microdiskectomy at level L5/S1 left).

[22]*Id*. at p. 211 (first post-op visit, she is a little better, pain across low back and posterior left leg is slowly improving); p. 210 (second post-op visit, still has some pain but not as much as before surgery); p. 291 (third post-op visit, some improvement after surgery but not complete relief).

[23]*Id*. at p. 209 (post surgery MRI showing degenerative disc disease of the lumbar spine with post operative changes; signal changes and enhancement involving the disc and vertebral bodies at L5/S1, most commonly due to recent surgery; posterior annular tear involving the disc at L4/5).

[24]*See, e.g.*, Mary Jeanne Krob & Laura Brasseur, 5 Attorneys Textbook of Med. (3d ed.) P 15.32 (explaining that a disc protrusion may be asymptomatic unless there is some degree of spinal stenosis or disc impingement).

experiencing pain; the real issue is how severe that pain is."[25] The surgeon's treatment notes indicate Wright's pain can be controlled with treatment. "An impairment which can be controlled by treatment … is not considered disabling."[26] The surgeon recommended several options for further pain relief.[27] Wright says the other options didn't work, but the record contains no medical documentation indicating Wright pursued all options. There are no physical therapy records or treatment records from a pain specialist.

The surgeon's last treatment record reflects a recommendation for daily back exercises and smoking cessation.[28] The recommendation for exercise weighs against Wright's claim of disabling pain and physical limitation.[29] The recommendation for smoking cessation responds to the strong association between smoking and chronic

---

[25]*Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

[26]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[27]SSA record at p. 292 (TENS unit, more time to heal, Neurontin); p. 298 (physical therapy, pain clinic, smoking cessation, non-steroid anti-inflammatory drugs on a consistent basis, good body mechanics, home exercises, chiropractic treatment).

[28]*Id*. at p. 298.

[29]*Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013).

pain;[30] ultimately, the surgeon added tobacco dependence to his diagnoses.[31] The surgeon's recommendations for further pain control indicate Wright's back pain can be controlled with treatment.

The only significant evidence detracting from the decision is a treatment note documenting Wright's initial consultation with her neurosurgeon. Therein, the neurosurgeon noted Wright's severe pain,[32] but that evidence does not advance Wright's claim, because subsequent treatment notes show treatment improves her pain. A reasonable mind would accept the evidence as adequate to show that Wright overstated her pain. Wright's argument about backwards reasoning amounts to an "argument concerning semantics."[33] The ALJ did not err in evaluating credibility.

Agency medical experts reviewed the evidence and opined that Wright can do light work, limited by occasional climbing, balancing, stooping, kneeling, crouching, and crawling.[34] The ALJ relied on those limitations, and added others, in determining

---

[30]*See, e.g.*, Toby N. Weingarten, Yu Shi, Carlos B. Mantilla, W. Michael Hooten & David O. Warner, *Smoking and Chronic Pain: A Real-but-Puzzling Relationship*, 35-36 Minn. Med., Mar. 2011.

[31]SSA record at pp. 292 & 298.

[32]*Id*. at p. 213 ("WDWN woman who appears to be in a lot of pain. It almost hurts me to see her.…It is difficult for Ms. Wright to move about.").

[33]*Kamann v. Colvin*, 721 F.3d 945, 951-52 (8th Cir. 2013).

[34]SSA record at pp. 271-78 & 301.

Wright's ability to do light work.  The ALJ then questioned a vocational expert about available work.  The vocational expert identified representative work within the ALJ's parameters, to include Wright's prior work as a cashier.[35]  This evidence shows work exists that Wright can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[36]  A reasonable mind would accept the evidence as adequate to show Wright can do her former work as a cashier.  Thus, substantial evidence supports the ALJ's determination.

**Conclusion and recommendation**.  Substantial evidence supports the ALJ's decision.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Wright's request for relief (docket entry #2) and AFFIRMING the Commissioner's decision.

It is so ordered this  21   day of April, 2014.

_____
United States Magistrate Judge

---

[35]*Id.* at p. 38 (identifying cashier, cloth folder, sales attendant clerk, and information clerk).

[36]42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).